```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

ADRIAN MATA RODRIGUEZ,

          Petitioner,

                                          CIVIL ACTION
   vs.                                No. 11-3157-RDR

UNITED STATES OF AMERICA,

          Respondent.


### MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a federal prisoner incarcerated at the Federal Correctional Institution, Fort Dix, New Jersey.

**Background**

Petitioner was convicted in July 2010 in the District of Kansas. In this action, he alleges the prosecution's case against him was flawed because it was built on information supplied by an untested informant. He also argues that he was improperly charged with the possession of drugs found in a vehicle in which he was a passenger.

### Discussion

The purposes of an application for habeas corpus filed

pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct.  "Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him." *Prost v. Anderson,* 636 F.3d 578, 581 (10th Cir. 2011).  In contrast, petitions brought pursuant to 28 U.S.C. § 2241 are "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement," *id.*, and "must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

The present action under § 2241 is not properly filed in this court, as petitioner is incarcerated in New Jersey.  Next, because the petitioner's allegations challenge the legality of his conviction, they must be presented in a motion pursuant to § 2255.

Generally, a petitioner may present only one motion pursuant to § 2255. *See* 28 U.S.C. § 2255(h).  Therefore, the courts should not sua sponte convert a pro se pleading into a habeas corpus action due, in part, to the "concern that a subsequent § 2255 motion would be considered successive and barred" and could "prevent a prisoner from raising a legitimate claim in a subsequent petition."  *United States v. Torres*, 282

2

F.3d 1241, 1245-46 (10th Cir. 2002)(quoting *United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000)).  Accordingly, the court will dismiss this § 2241 action without prejudice for lack of jurisdiction and does not construe it as a motion under §2255.

　　　IT IS, THEREFORE, BY THE COURT ordered this matter is dismissed for lack of jurisdiction.

　　　A copy of this order shall be transmitted to the petitioner.

　　　**IT IS SO ORDERED**.

　　　Dated at Topeka, Kansas, this 8th day of September, 2011.


　　　　　　　　　　　　　　　　S/ Richard D. Rogers
　　　　　　　　　　　　　　　　RICHARD D. ROGERS
　　　　　　　　　　　　　　　　United States Senior District Judge